IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jamal Hakeem,  Petitioner,  v.  Warden of Turbeville,  Respondent. | C/A No. 1:24-6658-CMC  Order |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on April 11, 2025. ECF Nos. 25, 26. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 27. Petitioner filed a response in opposition to summary judgment, and Respondent filed a reply. ECF Nos. 29, 30.

On May 20, 2025, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted. ECF No. 31. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed a motion for extension of time to file objections, but also filed timely objections. ECF Nos. 33, 34. Respondent replied. ECF No. 36.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Background**

Petitioner was indicted by the Greenwood County Grand Jury for armed robbery and possession of a firearm or knife during the commission of a crime. A jury was selected for trial to take place in July 2015. After jury selection, the court held a suppression hearing concerning evidence gathered from Petitioner's home. Petitioner's wife signed a consent to search form, but Petitioner claims she was coerced by one of the officers, Strickland. His wife testified she did not sign the consent form until after the search was over and officers "came out with a brown bag." ECF No. 25-1 at 62. The court found officers would have received a search warrant if Petitioner's wife had not consented to the search, and that her will was not "overborne." *Id.* at 74. The court denied the motion to suppress. *Id.*

Petitioner proceeded to trial and was convicted by the jury as indicted. *Id.* at 221-22. He was sentenced to "twenty five years and five years." *Id.* at 232. Petitioner appealed. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), essentially asserting there were no non-frivolous grounds for appeal. Petitioner filed a *pro se* response, asserting the items found in the search should have been suppressed by the trial judge. The Court of Appeals dismissed Petitioner's appeal. *Id.* at 247.

Petitioner then filed a *pro se* application for post-conviction relief ("PCR"), asserting ineffective assistance of counsel and violations of his rights on the following grounds: (1) during preparation phase of trial; (2) during trial when defense counsel failed to object to the search; (3) during testimony regarding Officer Strickland's "statement of intimidation"; (4) during trial when counsel failed to object to Officer Strickland's absence; (5) and (6) during the testimony of Officer Brooks; (7) during the victim's testimony; (8) during the trial phase; (9) during jury deliberation; and (10) during trial preparation when the solicitor called the case "strange." *Id.* at 248-249. An Amended Petition added an additional ground of ineffectiveness for counsel's failure to move for reconsideration of the sentence. *Id.* at 268-70. The amendment also explained Officer Strickland had since been arrested and indicted for misconduct in office, and Petitioner requested a new trial. *Id.*

An evidentiary hearing was held, at which Petitioner and his wife testified and the state offered testimony from trial counsel. The PCR court issued an order of dismissal denying relief. *Id.* at 311. Petitioner appealed the denial. Appellate counsel filed a brief pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), effectively conceding the appeal lacks a meritorious claim. Petitioner also filed a *pro se* petition. The PCR court's denial of the petition was affirmed. ECF No. 25-15.

3

**Discussion**

In his § 2254 petition, Petitioner alleges the following grounds for relief: (1) "ineffective assistance of trial counsel, appellate counsel, PCR counsel, writ of cert. counsel, violation 4th, 5th, 6th, amend. U.S. Const. . . . conflict of interest (Gross negligence) by each lawyer, intentionally ineffective, violating 6th and 14th amendments" [apparently regarding suppression of evidence found pursuant to the search of Petitioner's residence]; (2) "trial court erred by denying defense counsel's motion to suppress evidence obtained in violation of 4th and 6th amend."; (3) ineffective assistance and conspiracy to keep unlawful indictment proceedings secret; and (4) judicial and prosecutorial misconduct by prosecutor not calling lead investigator Strickland at trial, also alleging video evidence was altered. ECF No. 1. The Government moved for summary judgment on all grounds. ECF No. 26.

The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case. ECF No. 31. Specifically, the Report recommends granting summary judgment on Grounds One and Two because it is clear trial counsel did challenge the search and the allegedly coerced consent thereto, but the trial judge denied the motion to suppress. *Id.* at 20-23. Accordingly, the PCR court found trial counsel was not ineffective, and the Report found Petitioner raised no evidence or argument about how trial counsel was deficient, or the PCR court was incorrect. On Ground Three, the Magistrate Judge found his argument regarding the indictment is not properly cognizable on habeas review. *Id.* at 24. Finally, the Magistrate Judge recommends Ground Four be dismissed as Petitioner has not shown the PCR court's application of *Strickland* was unreasonable, and notes failure to call a witness by the prosecution is not a *Brady* violation. *Id.* at 31. The Report recommends any other claims be dismissed as well. *Id.* at 32.

Petitioner objects to the Magistrate Judge's Report "as a whole."[1] His objections appear to allege essentially everyone he came into contact with throughout the prosecution of his criminal case was biased and/or conspiring against him. He asserts a forged indictment, *Anders* Brief, and a *Johnson* Petition and a staged trial and PCR is a loophole for the state to affirm and/or deny relief in a case." *Id.* at 3. On Ground One, Petitioner contends he was not given a full and fair opportunity to litigate because such an opportunity "would have changed the outcome." He argues if police thought they could get a search warrant they would have, implying the reliance on his wife's permission to search meant there were no grounds for a warrant. He asserts she agreed to the search under duress. Accordingly, Petitioner objects to the Report's recommendation of dismissal for Counts One and Two. On Ground Three, Petitioner contends the prosecutors, judges, and clerks of court forged the indictment against him to bring his case to court and states "as a matter of law, this is aggravated kidnapping." *Id.* at 8. He contends the solicitor was ineffective because he joined a criminal conspiracy to keep the illegal grand jury process a secret. He submits the court should deny summary judgment on Grounds Three and Four, and requests a hearing. *Id.* at 9.

Respondent filed a reply, noting Petitioner's arguments are similar to those presented in opposition to summary judgment before the Magistrate Judge. ECF No. 36. He contends Petitioner has not shown the PCR court unreasonably applied federal law or the Magistrate Judge was incorrect in finding the validity of the indictment is an issue of state law. *Id.* at 3. He asserts Petitioner has not provided any reason for the Report not to be adopted.

---

[1] Petitioner filed a motion for extension of time to respond to the Report, dated May 30, 2025. ECF No. 33. His objections, totaling 9 pages, were dated June 2, 2025. ECF No. 34. Both were received by the court and filed June 6, 2025. As it appears Petitioner was able to complete full objections despite initially requesting an extension, the court finds his motion for extension (ECF No. 33) is moot.

The court agrees with the Magistrate Judge the Petition should be dismissed. Petitioner's objections are largely general in nature and are, at times, nonsensical. He appears to believe the prosecutors, defense attorneys, judges, and clerks of court conspired against him to obtain a conviction on a "forged" indictment, then failed to appropriately conduct the trial and to properly consider his post-conviction filings. The record does not support such assertions.

The court further agrees with the Magistrate Judge's findings on Grounds One and Two. It is clear from the record Petitioner's counsel challenged the search of the home, including calling Petitioner's wife to testify regarding any coercion to agree to the search, but the judge denied the motion to suppress. Under the standard applicable to ineffective assistance of counsel claims on habeas review, the court does not find the PCR court's application of *Strickland* was unreasonable. On Ground Three, the court concurs with the Report it is unclear what Petitioner seeks to challenge regarding his allegations of a forged indictment, and finds deficiencies in a state indictment are ordinarily not cognizable on federal habeas review. Finally, on Ground Four, the court finds Petitioner failed to meet the deferential *Strickland* standard under § 2254(d) and has not presented evidence of a *Brady* violation.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the Report, Petitioner's objections, and Respondents' reply, the court agrees with the findings and conclusions of the Magistrate Judge and incorporates the Report by reference in this order. Accordingly, the court adopts the Report, grants Respondent's motion for summary judgment (ECF No. 26), and dismisses the Petition with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 8, 2025